1997 ME 16

**In re PRISCILLA S.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 10, 1996.

Decided Jan. 29, 1997.

Mary G. Cline, Michael Ross Law Offices, Ellsworth, for appellant.

Andrew Ketterer, Attorney General and John H. Hawkes, Asst. Atty. General, Bangor, for appellee.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Russell S., father of Priscilla S., appeals from the entry of a judgment in the Superior Court (*Hancock County, Mead, J.*) affirming the judgment of the District Court (*Ellsworth, Staples, J.*) that continued in effect a child protection order finding that Priscilla was in jeopardy from both her parents because Russell had sexually abused her. Russell contends on appeal that the District Court erred by refusing to hear the testimony of Priscilla before ruling on the protection order.

[¶ 2] 22 M.R.S.A. § 4007(2) (1992) states that:

> The court may interview a child witness in chambers, with only the guardian ad litem and counsel present, provided that the statements made are a matter of record.

We review the decision of the trial court to forego an interview with Priscilla in chambers for an abuse of discretion. *In re Shane T.*, 544 A.2d 1295, 1297–8 (Me.1988). Although Russell does not contend that 22 M.R.S.A. § 4007(2) by its terms limits the discretion of the trial court to forego an *in camera* interview with the child, he argues that the trial court violated his right to due process in this case by improperly balancing the interest of the State in protecting the child with his interest in maintaining custody of Priscilla.

[¶ 3] The court delayed its decision on the *in camera* interview until all other witnesses were heard from, stating that "if, after all the evidence, it appears to the Court that without the child's testimony there would be a very manifest unfairness to the parents, then the Court ... may at that time require that the child be made available to testify." During three days of hearings, the court heard extensive testimony from numerous witnesses: Priscilla's mother, her grandparents, her aunt, her foster mother, her therapist, the DHS Caseworker assigned to Priscilla, a psychologist who interviewed Russell, and the State's medical expert. After hearing from every witness except Russell, the Court stated:

> I've heard enough testimony at this point to indicate to me that I do not believe that the considerations of fairness to the parents require that this child testify. And again, I've heard further from [Priscilla's therapist] as to this child's fragile emotional stability at this point. And I think it would be—I think it would be—to be perfectly frank, I think it would be cruel to

make the child testify. I really do. This case has to be decided on the testimony that we have here today and tomorrow, the total testimony.

The court's decision not to require Priscilla's testimony was well within its discretion. See *In re Shane T.*, 544 A.2d at 1297–8; 22 M.R.S.A. § 4007(2) (1992). The ruling also complied with due process in fairly balancing the interests of the State and Russell.

The entry is:

Judgment affirmed.